IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00097-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WAYLON DALTON STYLES, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal [Doc. 23].

The Defendant moves for leave to file a Psychiatric Evaluation [Doc. 22], under seal in this case. [Doc. 23]. For grounds, counsel states that the evaluation contains detailed, sensitive and private personal information concerning the Defendant and his family. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present

case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion on May 19, 2022, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the evaluation contains sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interests in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Psychiatric Evaluation is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.[1]

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal [Doc. 23] is **GRANTED**, and the Psychiatric Evaluation [Doc. 22] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS FURTHER ORDERED** that the Psychiatric Evaluation [Doc. 22] can be released to the Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: May 27, 2022

Martin Reidinger
Chief United States District Judge

---

[1] Per the Defendant's request at sentencing, the Court will allow the sealed Psychiatric Evaluation to be released to the Bureau of Prisons.